UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-20675-CR-ALTONAGA/GARBER

UNITED STATES OF AMERICA,

v.

GALIA FERNANDEZ,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference [ECF # 744] from United States District Judge Cecilia M. Altonaga for a Report and Recommendation "on the CJA Voucher as submitted by attorney Allen S. Kaufman in reference to Defendant Galia Fernandez."

## FACTUAL BACKGROUND AND DISCUSSION

The defendant Fernandez, was charged by Indictment [ECF # 1] in Counts 1, 13, 16, and 18. The Indictment also named numerous other co-defendants. Fernandez ultimately, pursuant to a Plea Agreement [ECF # 540], entered a guilty plea to Count 1 which charged her with conspiracy to commit bank fraud in violation of Title 18 U.S.C. § 1349 [ECF # 540 at 1].

Allen S. Kaufman, Esquire, was appointed on September 29, 2011, pursuant to the Criminal Justice Act (CJA), to represent the defendant who had been found to be unable to afford counsel in this cause. Mr. Kaufman's representation concluded on or about July 30, 2012. Mr. Kaufman is seeking an award of $30,502.73 for attorney's fees and costs which is in excess of the statutory maximum allowance of $9,700.00[1] for representation in a non-capital case.

---

[1] $9,700.00 was the case compensation maximum then in effect at the time of Counsel's representation of Defendant.

The CJA supports the concept that counsel should be compensated reasonably and, if necessary, in excess of the cap, where counsel's work involved complex issues and the representation was extended. *United States v. Bailey*, 581 F.2d 984, 987 (D.C. Cir. 1978); *United States v. Johnson,* 549 F. Supp. 78, 80 (D.D.C. 1982). A review of the docket in this cause clearly reveals that this cause was indeed both complex and extended.

The Indictment charged the defendant as set forth above. The defendant maintained her claim of innocence, thus requiring Mr. Kaufman to prepare for trial. Extensive discovery was produced requiring an enormous amount of time in its examination and evaluation. Such discovery consisted of 22 DVDs, thousands of pages of bank documents, police and interview reports, and documents from the State of Florida. As part of his trial preparation, Mr. Kaufman conferred on numerous occasions with the defendant, attorneys for co-defendants, and the prosecutors. He also spent a great deal of time preparing for cross-examination of the government's trial witnesses by reviewing prior statements, inconsistent statements, and possible impeachment matters. He engaged in plea negotiations with the government on several instances, ultimately resulting in a very favorable disposition for the defendant. The defendant was offered a plea of guilty to Count 1 of the Indictment which she accepted. The defendant was sentenced to 16 months imprisonment, part of which was 10 months home confinement with electronic monitoring, and 5 years supervised release. As a result of such plea, the government benefitted by saving a great deal of time and substantial expenses in not having to try the case.

## Criminal Justice Act and Its Administration

The Guidelines for Administering the Criminal Justice Act (Guidelines) were developed by the United States Judicial Conference to aid the courts in the application of the CJA. The Guidelines

provide *inter alia* that judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation as provided." *Section §630.20 of the Guidelines*.  The CJA, at 18 U.S.C. §3006A(d)(1), provides that at the conclusion of counsel's representation, he or she shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred."  A district court has the power to assess reasonable expenses and reasonable use of billable time.  Based upon the undersigned's practice of law for thirty-seven years and as a United States Magistrate Judge for twenty-four years, the undersigned has the expertise to determine and resolve issues regarding reasonable attorney's fees and costs.  In order for an award of fees and costs to exceed the maximum permitted by statute, a court must certify that the case involves "complex" and/or "extended" representation. 18 U.S.C. §3006A(d)(3).  A court must also find that the amount sought is necessary to provide counsel with fair compensation.

The Court has carefully reviewed and considered Mr. Kaufman's submissions in support of his voucher request.  It is clear that this cause is "extended" and "complex" because of the amount of discovery, time required in its examination, time for trial preparation, consultations with the defendant, family members, experts, and witnesses, time consumed in travel for interviews, meetings, and court appearances, as compared to the average case. The Court also finds that the case is "complex" because of the numerous defendants, the substantial number of counts charged against the defendant, the enormous amount of discovery which consisted of over 500 hours of video and audio recordings and in excess of 12,000 documents, and approximately 300 reports from the FBI, all of which required consultation with the defendant.  In addition, because of the defendant's

3

inability to understand English, the use of a Spanish interpreter was required, thus adding to the time expended by Mr. Kaufman in preparation for trial. The nature and number of the charges required counsel to expend more time, skill, and effort than is normally required in an average case. Such factors go into the classification of this case as complex as well as extended. Mr. Kaufman prepared for trial during the period of April through August of 2011.

Based upon an examination of the record and consideration of those matters set forth above, I find that this cause required the expenditure of more time, skill, and effort by counsel than is required in the average case. Accordingly, the Court finds that the representation provided by Mr. Kaufman was complex and extended.

Although the case was resolved by a plea of guilty, Mr. Kaufman had to fully prepare for a trial. He is an excellent attorney enjoying a fine reputation, with years of experience as defense counsel, and did an outstanding job in preparation in this cause.

Mr. Kaufman's voucher for compensation was first reviewed by the Court's CJA Administrator.[2] The Court has also carefully examined and considered the voucher, which the Court finds to be a reasonable presentation in support of the claim for fees and costs, with some exceptions related to Mr. Kaufman's request for out of court hours.

---

[2] The CJA Administrator first reviewed the voucher request for clerical errors and to ensure general compliance with the Guidelines. Although the CJA Administrator did not make any changes to the number of in court hours requested by Mr. Kaufman, the CJA Administrator did make changes to the number of out of court hours requested. Specifically, the CJA Administrator increased the hours for interviews and conferences to 38.5 but decreased the hours for obtaining and reviewing records to 137.7 and the hours for investigative and other work to 10.1. I find that these small changes are appropriate. The CJA Administrator also made a minor correction in the amount of expenses claimed, increasing the amount of expenses to $365.23 (from $365.13).

Mr. Kaufman requests compensation for 4.0 in court hours totaling $500.00. This amount is reasonable and I approve the request for $500.00. The Court also finds that the claimed travel expenses incurred by Mr. Kaufman (adjusted upwards to $365.23 by the CJA Administrator) were reasonable and necessary and should be allowed in their entirety.

With respect to Mr. Kaufman's request for out of court hours, some reductions are necessary. Although I was first concerned with the claim of 137.7 hours for obtaining and reviewing documents (discovery), after reviewing the docket, the complete record and the voucher request, I find that these hours were a reasonable and necessary expenditure of time given the enormity of the discovery and documents produced by the government. Mr. Kaufman's claim for 5 hours of court time is reasonable, as is his claim for 222 hours (inclusive of the 137.7 hours of obtaining and reviewing records) for out of court time with some exceptions. Overall, the hours claimed by Mr. Kaufman were for legal efforts that were necessary and reasonable, with the exceptions noted hereafter.

I find that the claim for 4.2 hours to research the government's intent to offer records [DE364], given Mr. Kaufman's experience in such matters, is excessive and should have been accomplished in 2 hours. Further, 3.9 hours spent on reviewing the government's Motion in Limine [400] was excessive and required 2 hours. In addition thereto, Mr. Kaufman claims 2.8 hours for reviewing the Motion to Introduce 404(b) Evidence [DE 401]. Such a review should have required 1 hour.

Reduction of fees by percentage is appropriate if submissions are voluminous, thus allowing the Court to avoid conducting a line-by-line review of the fee exhibit. *Loranger v. Stierheim*, 10 F. 3d 776, 783 (11th Cir. 1994). Although such review is available since the submissions are

voluminous, the undersigned, having fully examined the fee application, will recommend a reduction based upon the specific findings set forth above.

The Court finds that the recommended deductions total 5.9 hours at a rate of $125.00 per hour for $737.50 and should be deducted from the total of $30,502.73, for a net amount of $29,765.23. The Court finds that the total amount of $29,765.23 is necessary and reasonable to appropriately compensate Mr. Kaufman for time and effort expended in his defense of the defendant.

## CONCLUSION AND RECOMMENDATION

Upon due consideration, the undersigned respectfully recommends that Allen S. Kaufman, Esquire, CJA counsel, be awarded $500.00 for in court hours, $28,900.00 for out of court hours and $365.23 in travel expenses for a total sum of $29,765.23 for his representation of the defendant in this matter. The total of $29,765.23 is reasonable and fair compensation to Mr. Kaufman for necessary and legal tasks performed in representing the defendant in this matter.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge Cecilia M. Altonaga. *See* 28 U.S.C. §636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir.1988), *cert. denied*, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 13th day of January 2016.

_____
**BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE**